UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x
ZHENG NAN LI,                                       :
                                                    :             ORDER
                            Plaintiff,              :
                                                    :             10-CV-2860 (ERK)
        -against-                                   :
                                                    :
BETTY MEE CHEUNG, XIU QING LIN, and,                :
JOHN DOE d/b/a NEW WOK'S KITCHEN,                   :
                                                    :
                            Defendants.             :
------------------------------------------------------------------------- x
GOLD, STEVEN M., U.S.M.J.:

      By Order dated October 14, 2010, the Honorable Edward R. Korman referred plaintiff's motion for default judgment to me for a report and recommendation on what relief should be awarded to plaintiff. Docket Entry 8. As a threshold matter, plaintiff shall indicate how he intends to proceed with respect to John Doe d/b/a New Wok's Kitchen. It appears from the docket sheet that John Doe was never served, although plaintiff still has a short period of time in which to serve John Doe, *see* FED. R. CIV. P. 4(m) (providing that a defendant may be served up to 120 days after filing of the complaint). *See* Docket Entries 3, 4 (executed summons for Cheung and Lin only) and 7 (Clerk's entry of default against Cheung and Lin only). Moreover, one could infer that plaintiff has abandoned his claims against John Doe. Docket Entry 6 (plaintiff's motion seeking default judgments against Cheung and Lin only). If plaintiff voluntarily dismisses his claims against John Doe d/b/a New Wok's Kitchen, he shall explain what effect, if any, such dismissal has on his remaining claims.

      In addition, plaintiff shall submit a memorandum of law explaining defendants' liability under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*., and New York Labor Law, addressing in particular how plaintiff's complaint establishes liability against Cheung and Lin under FLSA where plaintiff's complaint contains mere "labels and conclusions" and "a formulaic recitation of the elements" of a FLSA claim. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). *See* Compl. ¶¶ 7, 8 (stating "[u]pon information and belief" that defendants Cheung and Lin are "the Chairm[e]n or Chief Executive Officer[s]" of John Doe), ¶ 10 (noting that defendant John Doe is an "'enterprise engaged in commerce' within the meaning of the FLSA"), ¶ 27 (stating that, "[u]pon information and belief," defendant John Doe has "gross revenues in excess of $500,000"); *see also Tracy v. NVR, Inc.*, 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009) (finding that a complaint with "mere boilerplate allegations," alleged "solely upon information and belief" is insufficient to state a FLSA claim); *Lin v. Comprehensive Health Mgmt., Inc.*, 2009 WL 976835, at *2 (S.D.N.Y. Apr. 9, 2009) (finding that a complaint that "does not allege any facts regarding the positions held by the Individual Defendants or their power to control plaintiffs' hours, wages, or other terms and conditions of employment" failed to adequately allege defendants' FLSA liability). Although a defendant in default is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability, *see Greyhound*

*Exhibitgroup, Inc., v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993), "[a] plaintiff must . . . establish that on the law it is entitled to the relief it seeks, given the facts as established by the default." *U.S. v. Ponte*, 246 F. Supp. 2d 74, 76 (D. Me. 2003) (citation omitted). *See also Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).

In support of his demand for damages, plaintiff shall submit an affidavit or affirmation from *plaintiff* describing the number of hours he worked and the amounts he was paid. Finally, plaintiff's submission in support of damages shall also include an affidavit or affirmation detailing the calculation of wages due and any liquidated damages sought pursuant to the FLSA and New York Labor Law, and a calculation of any attorney's fees, supported by contemporaneous time records, that plaintiff seeks to recover.

Plaintiff shall make his submission in support of the damages he seeks no later than November 5, 2010. Any submission that defendants wish to make in response is due no later than November 19, 2010. Any reply that plaintiff wishes to make should be filed no later than November 30, 2010.

Upon receipt of this Order, plaintiff is hereby directed promptly to serve a copy of this Order by certified mail, return receipt requested, on defendants at their last known addresses, and to provide the Court with a copy of the return receipt. Failure to comply with this Order may result in a recommendation of dismissal for failure to prosecute.

**SO ORDERED.**

_____/s/_____
**STEVEN M. GOLD**
**United States Magistrate Judge**

Dated: Brooklyn, New York
      October 15, 2010